Vivian D. **DICKERSON**, Plaintiff

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA,**
Defendant.

Civil Action No. 06–10628–RCL.

United States District Court,
D. Massachusetts.

July 31, 2007.

Jonathan M. Feigenbaum, Phillips & Angley, Boston, MA, for Plaintiff.

William T. Bogaert, Carey Louise Bertrand, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Boston, MA, for Defendant.

### ORDER ON PLAINTIFF'S MOTION FOR DE NOVO REVIEW

LINDSAY, District Judge.

Before me is the plaintiff's motion for de novo review of the denial of her Long–Term Disability (LTD) benefits claim by the defendant, Prudential Insurance Company of America ("Prudential"). The plaintiff worked as a telephone advertising salesperson for the Boston Globe for many years. As an employee of the Globe, she was provided with LTD benefits coverage through an employee welfare benefit plan ("Plan") provided by Prudential. Prudential is also the Plan Administrator. LTD benefits were paid to the plaintiff from December 11, 1999 through April 30, 2004 due to a disability, resulting from various eye diseases, during that period. In April, 2004, Prudential concluded that the plaintiff was no longer eligible for LTD benefits within the meaning of the Plan. The benefits thus were terminated. Employing the administrative appeals process provided in the Plan, the plaintiff challenged the decision to terminate her benefits. When that challenge was unsuccessful, she commenced the present lawsuit. For the reasons stated herein, I GRANT the plaintiff's motion for review under the de novo standard.

■ Under *Firestone Tire & Rubber Co. v. Bruch,* a denial of benefits, challenged under the Employee Retirement Income Security Act of 1974, *see* 29 U.S.C. § 1132(a)(1)(B), is reviewed de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *see Brigham v. Sun Life of Canada,* 317 F.3d 72, 80 (1st Cir.2003) (internal citations and quotation marks omitted) ("We have steadfastly applied *Firestone* to mandate de novo review of benefits determinations unless a benefits plan ... clearly grant[s] discretionary authority to the administrator."). In the latter instance, the court reviews the determination under an abuse of discretion standard. *Firestone,* 489 U.S. at 115, 109 S.Ct. 948; *see Brigham,* 317 F.3d at 81 ("When the grant of discretionary authority is found, we apply a deferential arbitrary and capricious standard of judicial review."). "While the choice of standards is clear-cut, there remains considerable debate over what language constitutes a sufficiently clear grant

of discretionary authority to transform judicial review from de novo to deferential." *Brigham,* 317 F.3d at 81.

In support of its argument that the Plan language confers discretion, Prudential cites two provisions. First, with regard to LTD coverage, Prudential points to the following language:

" 'Total Disability' exists when Prudential determines that all of these conditions are met:

(1) Due to Sickness or accidental injury, both of these are true:

   (a) You are not able to perform, for wage or profit, the material and substantial duties of your occupation.

   (b) After the Initial Duration of a period of Total Disability, you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience. The Initial Duration is shown in the Schedule of Benefits.

(2) You are not working at any job for wage or profits.

(3) You are under the regular care of a Doctor."

Second, Prudential points out that, under "claim Rules," the Plan states:

"Prudential must be given written proof of the loss for which claim is made under the Coverage. This proof must cover the occurrence, character and extent of that loss. It must be furnished within 90 days after the loss ... A claim will not be considered valid unless the proof is furnished within these time limits ... Benefits are paid when Prudential receives written proof of the loss."

Courts have recognized that "there are no magic words determining the scope of judicial review of decisions to deny benefits." *Brigham,* 317 F.3d at 81 (quoting *Herzberger v. Standard Ins. Co.,* 205 F.3d 327, 331 (7th Cir.2000)). Until insurance plans include language that "could leave no doubt about the administrator's discretion ... we must in fairness carefully consider existing language that falls short of that ideal." *Id.*

▬▬ "[T]he critical question is notice: participants must be able to tell from the plan's language whether the plan is one that reserves discretion for the administrator." *Diaz v. Prudential Ins. Co. of Am.,* 424 F.3d 635, 637 (7th Cir.2005). Language that merely requires a determination of eligibility by the administrator and proof of the applicant's claim "does not give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary." *Herzberger,* 205 F.3d at 332. *Cf. Diaz,* 424 F.3d at 639 (for Plan language to confer discretion on the administrator, it must "communicate the idea that the administrator not only had broad-ranging authority to assess compliance with pre-existing criteria, but also has the power to interpret the rules, to implement the rules, and even to change them entirely.").

▬▬ The language in the Plan now before me "gives Prudential the power to make the determination, but the list of specific conditions requires that such power be exercised only in accordance with objective standards." *Nichols v. Prudential Ins. Co. Of Am.,* 406 F.3d 98, 109 (2nd Cir.2005). Because the Plan language suggests that "the plan administrator is to make a judgment within the confines of pre-set standards [and does not have] the latitude to shape the application, interpretation, and content of the rules in each case," I conclude that the language is insufficient to trigger deferential review by

254

the court. *Diaz,* 424 F.3d at 639–40. This conclusion is consistent with the "stringent approach adopted by the First Circuit to determine whether a benefits plan grants sufficient discretion to the administrator as to trigger the deferential 'arbitrary and capricious' standard of judicial review under *Firestone.*" *Rivera v. Cornell Univ.,* 297 F.Supp.2d 412, 415 (D.P.R.2003).

For these reasons, the plaintiff's motion for de novo review is hereby GRANTED. A Motion for Judgment on the Record shall be filed within thirty (30) days of this date, in accordance with the court's previous order.

SO ORDERED.